



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 12, 1939

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. 0-677
Re: Effect of resolution passed
by Commissioners' Court, and
whether or not allowing pris-
oners convicted of misdemean-
ors to labor on courthouse
lawn and as janitor complies
with article 1055.

Your letter of April 22nd has receiv-
ed the attention of this Department. Our atten-
tion is called to a resolution which is set
forth therein passed by the Commissioners' Court,
and which in its preamble recites certain facts
existing and after calling attention to the pro-
visions of articles 793 and 794, said resolution
merely in effect provides that the provisions
of article 794 of the Code of Criminal Procedure
be exercised and fully complied with. We quote
the paragraph following the said resolution set
forth in your letter, as follows:

"By virtue of the above resolu-
tion and article the prisoners convict-
ed of misdemeanors have not been required
or forced, but with their consent could
perform manual labor by assisting the
janitor in sweeping and washing the
courthouse, keeping up the yard and
lawn of the court yard by mowing grass,

planting shrubbery, and in general keeping the courthouse and lawn in good condition, together with other manual labor in and about the courthouse, jail and lawn.

"Under this set up, are the officers entitled to one-half of the costs as provided for in article 1055, reads as follows:

(Art. set forth)

as the same existed prior to its amendment by Acts 1937, 45th Legislature, page 1325."

As this Department has heretofore ruled that the amendment by the Acts 1937, 45th Legislature, to article 1055 is unconstitutional, article 1055 as incorporated in the Code of Criminal Procedure, 1925, is still in force and effect and which article reads as follows:

"The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal costs as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the county treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated."

It will be noted that article 795, Code

of Criminal Procedure, and is substantially the
same as the amended article 793, insofar as
same affects your county, provides that where
a defendant is convicted of a misdemeanor and
his punishment is assessed at a pecuniary fine,
if he is unable to pay the fine and costs ad-
judged against him, he may for such time as will
satisfy the judgment be put to work in the work-
house, or on the county farm, or public improve-
ments of the county, as provided in the succeeding
article, or, if no workhouse, farm or improvements,
he shall be imprisoned in jail . . .

Article 794, and paragraph numbered (1)
provides that each Commissioners' Court may pro-
vide for the erection of a workhouse and the es-
tablishment of a county farm in connection therewith
for the purpose of utilizing the labor of said
parties so convicted. Section (5) under said
article provides that they shall be put to work
upon the public roads, bridges or other public
works of the county when their labor cannot be
utilized in the county workhouse or county farm.

There does not seem to be any authority
under the provisions of article 794 for the reso-
lution set forth in your letter as said resolution
does not purport to be in pursuance to paragraph
numbered (1) of article 794, supra. We presume,
however, that such order or resolution was designed
to carry out the provisions under section (5),
above referred to, under which provisions of the
statute persons so convicted are required to work
upon the public roads, bridges and other public
works of the county when such work is needed to
be done. This brings us to the only material
question under your request and that is, whether
or not such manual labor as working as janitor
in the courthouse and around the courthouse yard
or lawn meets the requirements of article 1055,
which provides for labor in the workhouse, on the

county farm or on the public roads or upon any public works of the county. It is evident that the last field of labor set forth above, "public works" of the county, in reading the above mentioned statutes together, is synonymous with the words "public improvements" of the county as mentioned in article 793, supra. We do not believe that such casual labors mentioned in your letter as janitor work in and about the courthouse and upkeep and maintenance of the courthouse lawn and in and around the jail, meet the requirements of article 1055, supra, or come within the purview of the statutes as labor "upon any public works of the county."

It is therefore, the opinion of this Department that county officers are not entitled to one-half the costs as provided for in article 1055, where under the provisions of article 793 and 794, Code of Criminal Procedure, 1925, persons convicted of misdemeanors and are unable to pay fine and costs, are permitted to work as janitor around the courthouse, jail, maintain and keep the courthouse lawn - same not being within the meaning of "public works" of the county.

Trusting the above answers your request, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN